UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEBORAH R. DOLEN,

    Plaintiff,

v.                                                      Case No. 8:09-cv-2120-T-23AEP

JULIE RYALS, et al.,

    Defendants.
_____/

## **O R D E R**

The pro se plaintiff sues (Doc. 4) for "cyberstalking, stalking, libel, defamation, violations of the Lanham Act, 15 U.S.C. § 1125, Fla. Stat. 784.048 & 836 and 42 U.S.C. 1983." The defendants counterclaim (Docs. 11, 12) for defamation and "cybersquatting." The defendants move (Docs. 59 and 60) for summary judgment on each of the plaintiff's claims. The ten-page summary judgment motions lack any analysis the plaintiff's claims, cite no relevant legal authority, and merely insist on the falsity of the facts alleged in the complaint. The defendants state, "The evidence that Plaintiff's factual recitations are simply wrong is conclusive—Joanne Kidd's sworn testimony establishes that the pertinent factual recitations are wrong and there is no contravening evidence." (Doc. 60 at 9) The motions for summary judgment (Docs. 59 and 60) are **DENIED** for insufficiency, including for failure to comply with Local Rule 3.01(a), which requires a motion to include a memorandum of legal authority in support of the request. The renewed motion must include a memorandum of legal authority

citing relevant legal authority addressing the legal and factual issues attending each of the plaintiff's claims.

Additionally, the defendants move (Docs. 63, 64) for default judgment on the counterclaims. Although the pro se plaintiff fails to answer or otherwise respond to the counterclaims, the defendants fail to request entry of a Clerk's default against the plaintiff. Because the Clerk may enter default judgment only after entry of default, the defendants' motions (Docs. 63, 64) are **DENIED**. The plaintiff's motion (Doc. 67) "To Strike All Defendant's Pending Motions" is **DENIED AS MOOT**. On or before **Friday, May 7, 2010**, the pro se plaintiff shall show cause in writing why the Clerk should not default the plaintiff for failing to answer or otherwise respond to the counterclaims. Failure to respond to this order will result of entry of default without further notice.

ORDERED in Tampa, Florida, on April 23, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE