UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEBORAH R. DOLEN,

    Plaintiff,

v.                                           Case No. 8:09-cv-2120-T-23AEP

JULIE RYALS, et al.,

    Defendants.
_____/

## **O R D E R**

This order formalizes the result of today's hearing. The plaintiff's motion (Doc. 76) to amend the complaint is **GRANTED**. On or before **Friday, June 18, 2010**, the plaintiff shall submit an amended complaint that complies with both the Local Rules and the Federal Rules of Civil Procedure. The complaint must contain only a short and plain statement of the events on which the plaintiff relies to state each claim against each defendant. Failure to amend the complaint will result in dismissal of this action without further notice. The plaintiff's motion (Doc. 82) to strike the defendants' response in opposition to the motion to amend is **DENIED AS MOOT**. On or before **July 2, 2010**, the defendants shall respond to the amended complaint.

The plaintiff's motion (Doc. 83) for a preliminary injunction is **DENIED**. See Tory v. Cochran, 544 U.S. 734, 738 (2005); e360 Insight v. The Spamhaus Project, Ltd., 500 F.3d 594, 605 (noting the "sensitive First Amendment issues presented in the context of permanent injunctions in defamation actions"); Metropolitan Opera Ass'n, Inc. v. Local 100, Hotel Employees & Rest. Employees Int'l Union, 239 F.3d 172, 177 (2d Cir. 2001)

("[F]or almost a century the Second Circuit has subscribed to the majority view that, absent extraordinary circumstances, injunctions should not ordinarily issue in defamation cases."). To the extent the plaintiff seeks to enjoin the defendants' infringing a common law trademark, the motion (Doc. 83) for a preliminary injunction is **DENIED WITHOUT PREJUDICE** to a renewed motion.

To establish entitlement to a preliminary injunction, the plaintiff must show (1) a substantial likelihood of success on the merits, (2) an irreparable injury in the absence of the injunction, (3) a threatened injury that exceeds any injury to the defendant caused by the injunction, and (4) the absence of a material adverse consequence to the public. See Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A., 320 F.3d 1205, 1210 (11th Cir. 2003). Local Rule 4.05(b)(3) requires a motion for a preliminary injunction to "(i) describe precisely the conduct sought to be enjoined; (ii) set forth facts on which the Court can make a reasoned determination as to the amount of security which must be posted pursuant to Rule 65(c), Federal Rules of Civil Procedure; (iii) be accompanied by a proposed form of temporary restraining order prepared in strict accordance with the several requirements contained Rule 65(b) and (d), Federal Rules of Civil Procedure; and (iv) . . . contain or be accompanied by a supporting legal memorandum or brief." A renewed motion for a preliminary injunction must strictly comply with the pertinent procedural rules, including Rule 65(c), which permits the issuance of a preliminary injunction "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have wrongfully enjoined or retrained."

Finally, as ordered at the May 24, 2010, hearing, on or before **Friday, May 28, 2010**, the plaintiff may serve the defendants with (but should not file with the Clerk) a single interrogatory to determine the defendants' knowledge, if any, of the owner of the website www.bustedscammers.com.  On or before **Friday, June 4, 2010**, the defendants shall respond to the plaintiff's interrogatory.

ORDERED in Tampa, Florida, on May 24, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE