# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**DEBORAH R. DOLEN, also known as "Mabel White,"**

    **Plaintiff,**

v.                                                                                 **Case No. 8:09-CV-2120-T-23AEP**

**JULIE RYLAS, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

THIS MATTER comes before the Court on the Defendants' Motion for Attorney's Fees Pursuant to Local Rule 4.18; F.R.C.P. Rules 54(d)(2) and 68; 17 U.S.C. § 505 and 15 U.S.C. § 1117(a) (the "Motion for Attorney's Fees," Dkt. No. 168).

### I. Background

In the Plaintiff's First Amended Complaint, originally filed on January 21, 2009 in the Southern District of Texas, the Plaintiff asserted claims for internet fraud (Count I), cyberstalking (Count II), "libel, defamation & disparagement" (Count III), "cyberstalking & impersonating law enforcement" (Count IV), "libel, defamation & disparagement" (Count V), copyright infringement (Count VI), conspiracy (Count VII), internet fraud (Count VIII), "cyberstalking pc" (Count IX), and "destruction of evidence pertinent to case & injunction request" (Count X). (*See* Dkt. No. 4.) On May 24, 2010, the Court entered an order granting the Plaintiff's Motion for Leave to File a Second Amended Complaint. (*See* Dkt. No. 87.) On June 17, 2010, the Plaintiff filed a Second Amended Complaint (Dkt. No. 88), which seemingly removed Defendants Mary

Joanne Kidd, Jeffery A. Kidd, and Mary Harvey, thus leaving Defendant Julie Ryals as the sole named defendant. Thus, the Defendants moved to dismiss these parties, and on February 24, 2011, the Court entered an order dismissing these defendants from the case. (*See* Dkt. No. 143.) In addition, the Second Amended Complaint asserted claims for trademark infringement under the Lanham Act (Count I), defamation and libel (Count II), invasion of privacy and false light (Count III), and intentional infliction of emotional distress (Count IV). (*See* Dkt. No. 88.) Thus, by June 17, 2010, the Plaintiff no longer asserted a claim for copyright infringement against any defendant. At trial, the remainder of the Plaintiff's claims were dismissed by oral motion (Dkt. No. 161), and on April 25, 2011, judgment was entered in favor of Defendant Julie Ryals against the Plaintiff on all of the Plaintiff's claims (Dkt. No. 166).

On May 5, 2011, the Defendants filed the current Motion for Attorney's Fees. (Dkt. No. 168.) On June 10, 2011, the Court entered an order directing the Plaintiff to show cause by June 23, 2011 as to why the Motion for Attorney's Fees should not be granted. (Dkt. No. 169.) Following the Plaintiff's failure to show cause by June 23, 2011, on August 4, 2011, the Court entered an order granting the Defendants' Motion for Attorney's Fees and referring the motion to the undersigned for a report and recommendation on the proper amount of attorney's fees and costs. (Dkt. No. 170.) Over a month later, the Plaintiff filed a Motion to Set Aside the August 4, 2011 Order (Dkt. No. 171), arguing that she did not receive notice of the Defendants' Motion for Attorney's Fees. On November 8, 2011, the parties appeared before the Court for a hearing on these outstanding issues. At the hearing, the undersigned granted in part the Plaintiff's Motion to Set Aside the August 4, 2011 Order (Dkt. No. 171), and provided the Plaintiff with twenty (20)

days to file a response to the Defendants' Motion for Attorney's Fees (Dkt. No. 168). Accordingly, the Plaintiff filed her Verified Response to Defendants Request for Attorneys Fees (Dkt. No. 178) and the Defendants filed a Response to Plaintiff's "Verified Response" to Defendants' Request for Attorney's Fees (Dkt. No. 179).

**II.     Discussion**

The Defendants present several arguments as to why they should be entitled to attorney's fees in this case. First, the Defendants claim that the Plaintiff's vexatious litigation tactics warrant the award of attorney's fees. (Dkt. No. 168 at 3.) Under 28 U.S.C. § 1927, "[a]ny attorney or other person admitted to conduct cases in any court of the United States ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *See* 28 U.S.C. § 1927. The meaning of "unreasonable and vexatious" is subject to interpretation, but "at [a] minimum ... merely unintended, inadvertent, and negligent acts will not support the imposition of sanctions under § 1927; [r]ather, the power to impose sanctions under § 1927 should be exercised 'only in instances of a serious and studied disregard for the orderly processes of justice.'" *See Corwin v. Walt Disney World Co.*, Case No. 6:02-cv-1377-Orl-19KRS, 2008 WL 754697 at *15 (M.D. Fla. Mar. 18, 2008) (quoting *Jerelds v. City of Orlando*, 194 F. Supp. 2d 1305, 1312 (M.D. Fla. 2002)). "Black's Law Dictionary defines the term 'vexatious' to mean 'without reasonable or probable cause or excuse; harassing; annoying.' It further defines 'vexatious suit' to mean a 'lawsuit instituted maliciously and without good cause.'" *Smartt v. First Union Nat'l Bank*, 245 F.Supp.2d 1229, 1234-35 (M.D. Fla. 2003)

(quoting *Black's Law Dictionary* 1559 (7th ed.1999)). Although some courts require a showing of intent, recklessness, or subjective bad faith, the Eleventh Circuit has suggested that subjective bad faith is not required under a § 1927 analysis. *See Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1178 (11th Cir. 2005) (noting that the Supreme Court has implied that "§ 1927 does not require a specific finding that counsel acted in, or engaged in conduct tantamount to, bad faith."). In order to justify an imposition of sanctions under § 1927, three requirements must be observed: 1) an attorney must engage in "unreasonable and vexatious" conduct; 2) such conduct must "multiply the proceedings;" and 3) the amount of the sanctions cannot exceed the costs incurred due to the conduct. *Jerelds v. City of Orlando*, 194 F. Supp. 2d 1305, 1312 (M.D. Fla. 2002) (citing *McMahan v. Toto*, 256 F.3d 1120, 1128 (11th Cir.2001)). Lastly, the Eleventh Circuit has not explicitly addressed the issue of whether attorney's fees may be awarded against *pro se* litigants, but has stated that § 1927 "allows district courts to 'assess attorney's fees against *litigants*, counsel and law firms who willfully abuse the judicial process by conduct tantamount to bad faith.'" *Smartt v. First Union Nat'l Bank*, 245 F.Supp.2d 1229, 1235 (quoting *Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir. 1991), cert. denied, 502 U.S. 1048, 112 S.Ct. 913, 116 L.Ed.2d 813 (1992)) (emphasis added).

The Defendants also claim that attorney's fees are warranted under the Copyright Act and the Lanham Act. The Copyright Act provides that, "the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof." *See* 17 U.S.C. § 505. Further, "[t]he touchstone of attorney's fees under § 505 is whether imposition of attorney's fees will further the interests of the Copyright Act, i.e., by encouraging

4

the raising of objectively reasonable claims and defenses, which may serve not only to deter infringement but also to ensure 'that the boundaries of copyright law [are] demarcated as clearly as possible' in order to maximize the public exposure to valuable works." *See MiTek Holdings, Inc. v. Arce Engineering Co., Inc.*, 198 F.3d 840, 842-43 (11th Cir. 1999) (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 526-27 (1994). Lastly, the Lanham Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." *See* 15 U.S.C. § 1117. The Lanham Act does not define the term "exceptional," but the Eleventh Circuit has repeatedly held that an "exceptional" case is one which is "malicious, fraudulent, deliberate and willful, or one in which evidence of fraud or bad faith exists." *Welding Servs. v. Forman*, 301 Fed.Appx. 862 (11th Cir.2008); *Optimum Techs., Inc. v. Home Depot U.S.A., Inc.*, 217 Fed.Appx. 899, 903 (11th Cir.2007) ("An exceptional case is 'where the infringing party acts in a malicious, fraudulent, deliberate, or willful manner.'").

In their Motion for Attorney's Fees, the Defendants chronicle a long list of unreasonable litigation tactics taken by the Plaintiff, such as manipulating service of process, filing state bar grievances against the Defendants' counsel, filing multiple motions for sanctions (each of which were denied), filing multiple amended complaints, and threatening to dismiss the action so that she could reinitiate the case in Florida state court. (Dkt. No. 168 at 4-5.) In the Defendants' view, "none of the actions in this case were taken with an eye toward proving any of the allegations that [the Plaintiff] made, but rather were apparently for the sole purpose of harassing Defendants in an effort to extort them into paying her to go away." (Dkt. No. 168 at 6.) In her Response (Dkt. No. 178), the Plaintiff makes several baseless arguments, cites to inapplicable

5

case law, and most importantly, does not refute the Defendants' allegations concerning her alleged vexatious litigation tactics. After a review of the procedural history of this case, it is clear that the Plaintiff engaged in vexatious and unreasonable conduct that multiplied the proceedings.

However, the Defendants' counsel's also played a role in unnecessarily protracting this case. Despite the case's transfer to the Middle District of Florida in October of 2009, the Defendants' counsel did not file a motion to appear *pro hac vice* until February of 2010, only after the Plaintiff filed a motion for sanctions. (Dkt. No. 48.) On July 29, 2010, the Court entered an order striking the Defendants' answer (Dkt. No. 89) for failing to comply with the local rules. (*See* Dkt. No. 92.) The Court also summarily denied the Defendants' motions for summary judgment (Dkt. Nos. 59, 60) for failing to comply with the Local Rule 3.01(a), which requires that a motion include legal support for its argument. (*See* Dkt. No. 68.) The Honorable Steven D. Merryday specifically stated that "[t]he renewed motion must include a memorandum of legal authority citing relevant legal authority addressing the legal and factual issues attending each of the plaintiff's claims." (Dkt. No. 68 at 1-2.) However, the Defendants' counsel did not file a renewed motion for summary judgment. Instead, the Defendants' counsel[1] opted to proceed to trial, where his oral motion for judgment as a matter of law was granted as to the Plaintiff's claims. (Dkt. No. 165.) Judge Merryday stated that the oral motion was granted "because the evidence provided no legally sufficient basis for a reasonable jury to find in favor of Dolen."

---

[1] All four of the original named Defendants are represented by attorney Kent A. Rowald. The Court, in its February 24, 2011 order, dismissed Defendants Joanne Kidd, Jeffery A. Kidd, and Mary Harvey. However, despite the dismissal of these defendants, for the purposes of continuity, when the Court refers to "Defendants' counsel," it refers to Kent A. Rowald.

(Dkt. No. 165 at 1.) Thus, had Defendants' counsel simply complied with the local rules in initially bringing his motions for summary judgment, the Plaintiff's claims would have likely been dismissed over a year earlier.

Since the Defendants' counsel's repeatedly failed to comply with the local rules and, therefore, unnecessarily multiplied the proceedings, an award of attorney's fees for the entirety of the litigation is not warranted. Nevertheless, the Defendants were required to respond to baseless motions that served no constructive purpose towards the resolution of this case, and for the Defendants' counsel's unnecessary work defending these motions, attorney's fees are appropriate.

The Court has identified twelve (12) frivolous motions brought by the Plaintiff that warrant the payment of attorney's fees. These motions include a February 19, 2009 Motion for Sanctions (Dkt. No. 17), a February 27, 2009 Emergency Motion to Compel (Dkt. No. 18), a February 27, 2009 Emergency Motion for Temporary Injunction (Dkt. No. 20), a February 5, 2010 Emergency Motion for Sanctions (Dkt. No. 44), a March 10, 2010 Motion for Sanctions (Dkt. No. 52), an April 9, 2010 Motion to Compel (Dkt. No. 58), an April 27, 2010 Motion for Reconsideration (Dkt. No. 70), a May 20, 2010 Motion to Strike (Dkt. No. 82), a May 20, 2010 Motion for Preliminary Injunction (Dkt. No. 83), a January 25, 2011 Amended Motion for Preliminary Injunction (Dkt. No. 112), a February 4, 2011 Motion for Sanctions (Dkt. No. 126), and a February 4, 2011 Objection of Pretrial Statement (Dkt. No. 127). After a review of the Defendants' counsel's statement of time and billing for services (Dkt. No. 168 Ex. 5), the Court has identified a number of services that appear to be responsive to the Plaintiff's frivolous

motions. These services include:

| DATE | DESCRIPTION | HOURS | RATE | AMOUNT |
|---|---|---|---|---|
| 2/22/2009 | Draft responses to Motions to disqualify and for sanctions | 2 | $400 | $800 |
| 2/18/2010 | Draft response to motion for contempt | 3 | $400 | $1,200 |
| 3/2/2010 | Review multiple motions filed by Ms. Dolen; confer with clients | 4 | $400 | $1,600 |
| 2/7/2011 | Review latest batch of unilateral filings without notice | 2 | $400 | $800 |
| 2/8/2011 | Respond in detail to Ms. Dolen's latest Rule 11 threat | 2 | $400 | $800 |
| 2/18/2011 | Draft and file opposition to motion for sanctions; draft motion for protection in light of Ms. Dolen's stepped up libel campaign | 5 | $400 | $2,000 |
| **TOTAL** | ... | 18 | $400 | **$7,200** |

(*See* Dkt. No. 168 Ex. 5.)

In the Eleventh Circuit, the party who applies for attorney's fees is responsible for submitting satisfactory evidence to establish both that the requested rate is in accord with the prevailing market rate and that the hours are reasonable. *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir.1988). In addition, many fee applications, such as the current Motion for Attorney's Fees, are not well-prepared but which are sometimes supported by opinions on reasonableness. In those circumstances, the Court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses

as to value." *Coastal Fuels Marketing, Inc. v. Florida Exp. Shipping Co., Inc.*, 207 F.3d 1247, 1252 (11th Cir. 2000) (citing *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir.1988)). Therefore, where documentation or testimonial support is lacking, the court may make the award on its own experience. *See id*.

In their Motion for Attorney's Fees, the Defendants do not provide any justification for establishing $400 as a reasonable rate for services rendered in this case. Thus, in the absence of such evidence, the Court will substitute its own expertise in determining a reasonable rate. In evaluating the reasonableness of the rate sought by the Defendants, the Court has reviewed the Declaration of the Kent A. Rowald (Dkt. No. 168 Ex. 4), fee awards in similar cases, and the Defendants' counsel's record in this case. According to the Defendants' counsel in his declaration, the American Intellectual Property Law Association ("AIPLA") reports billing rates for patent attorneys in various geographical areas. (Dkt. No. 168 Ex. 4 at 3.) Based off of the 2007 AIPLA survey, "the rates reported for partners ranged between $390 and $550 per hour ... [and for] litigating partners the range was as high as $750 per hour with 20 years of experience." (Dkt. No. Ex. 4 at 3.) The Defendants' counsel does not, however, offer evidence of comparable billing rates for cases in this district. The Court has found several recent cases that do offer limited guidance as to determining a reasonable billing rate.

In a recent trademark infringement case, the Court reduced one of the plaintiff's attorney's rates from $360 to $300 per hour and allowed an award for another attorney at a rate of $180 per hour. *See Four Green Fields Holdings, LLC v. Four Green Fields, an Irish Pub, Inc.*, Case No. 8:10-CV-2800-T-27EAJ, 2011 WL 5360143 at *2 (M.D. Fla. Oct. 17, 2011). In another recent

9

trademark infringement case, the Court reduced attorney's rates ranging from $295 to $400 per hour down to $250 to $300 per hour. *See FSC Franchise Co., v. Express Corporate Apparel, LLC*, Case No. 8:09-CV-454-T-23TGW, 2011 WL 1226002 at *11 (M.D. Fla. Feb. 28, 2011). Lastly, in *Tiramisu Intern. LLC v. Clever Imports LLC*, an action for trademark infringement under the Lanham Act, the plaintiff's attorneys were awarded fees at varying rates ranging from $140 to $425 per hour. *See Tiramisu Intern. LLC v. Clever Imports LLC*, 741 F. Supp. 2d 1279, 1296 (S.D. Fla. 2010).

Due to the Defendants' failure to meet their burden in showing the reasonableness of the hourly rate requested, the undersigned recommends that the requested hourly rate be reduced from $400 to $300 per hour. The reduced rate is reasonable based on comparable fee awards and the Defendants' counsel's record in this case. Therefore, at a rate of $300 per hour, for eighteen (18) hours of service rendered, a reasonable award for attorney's fees would be $5,400. The Defendants also request $1,200 ($400 x three (3) hours) in attorney's fees for filing the current motion. The Court also recommends that the Defendants be awarded $900–the reduced rate of $300 multiplied by three (3) hours–for bringing the current motion.

In addition to attorney's fees, the Defendants also request various costs and expenses incurred over the course of the litigation. The Defendants' counsel itemizes a number of costs involved in this litigation in a similar fashion to his itemized services. (Dkt. No. 168 Ex. 5 at 9-10.) However, every cost is dated either May 2, 2011 or May 4, 2011. The only other date included in the list of costs is related to a June 22, 2009 hearing, although no June 22, 2009 hearing appears on the docket. Without specificity as to when the costs were incurred and what

they were incurred for, the Court is unable to discern reasonable costs in addition to attorney's fees. Thus, the Court recommends that the Defendants' motion for costs be denied.

### III. Conclusion

Accordingly, the Court **RECOMMENDS** that the Plaintiffs' Motion for Attorneys' Fees (Dkt. No. 168) be **GRANTED IN PART AND DENIED IN PART**. The Court recommends that **$6,300** in attorneys' fees and **$0** in litigation expenses be awarded to the Defendants in this case.

**IT IS SO REPORTED** at Tampa, Florida on this 10th day of February, 2012.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

### NOTICE TO PARTIES

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) *(en banc).*

**Copies furnished to:**

Honorable Steven D. Merryday

Counsel of Record

*Pro Se* Parties